IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:04-CR-00096-JDK |
| vs. | § § | |
| | § § | |
| JOHN HALL (2) | § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On May 28, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class A felony, Defendant John Hall was sentenced on October 18, 2005 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of I, was 120 to 135 months. The Court sentenced Defendant to imprisonment for a term of 120 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing.

Defendant completed his term of imprisonment and started his term of supervised release on March 19, 2019. The case was reassigned to United States District Judge Jeremy Kernodle on September 23, 2020. The Court modified Defendant's conditions of supervised release on October 16, 2020 to include mental health treatment. The Court modified the conditions again on October

28, 2020 to include a program of counseling for anger management and a 180-day placement on electronic monitoring.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on September 19, 2023, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on June 26, 2020 for the offense of Assault Causes Bodily Injury, a Class A Misdemeanor and that he pled guilty on February 4, 2021, receiving a sentence of county supervision for 24 months.

2. **Allegation 2 (mandatory condition #1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested in Smith County on September 8, 2023, after he reportedly committed the offense of Engaging in Organized Criminal Activity, a first-degree felony, and three counts of Engaging in Organized Criminal Activity, third-degree felonies.

3. **Allegation 3 (standard condition #1): The defendant shall not leave the judicial district without the permission of the Court or probation officer.** It is alleged that Defendant admitted on April 6, 2023 that he traveled to Ozark, Arkansas in March 2023 without prior approval of the U.S. Probation officer.

4. **Allegation 4 (standard condition #9): The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** It is alleged that Defendant associated with convicted felon Christopher Strickland through monitored jail phone calls on November 21, 2020; December 20, 2020; February 7, 2021; February 28, 2021; March 5, 2021; March 13, 2021; March 16, 2021; and April 7, 2021, without permission from the U.S. Probation officer.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Engaging in Organized Criminal Activity, a first-degree felony, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was I. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 24 to 30 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Engaging in Organized Criminal Activity, a third-degree felony, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). The guidelines provide that Defendant's imprisonment guideline range for a Grade B violation is 4 to 10 months. Finally, if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Causes Bodily Injury, a Class A misdemeanor, associating with a convicted felon, and traveling outside of the district without permission, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). The guidelines provide that Defendant's imprisonment guideline range for a Grade C violation is 3 to 9 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

## Hearing

On May 28, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request an upward departure for a sentence of imprisonment for a term of 36 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-95, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Beaumont Medium and for placement in alcohol and drug treatment.

## Findings and Conclusions

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 36 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-95, with no further term of supervised release. The agreed recommended sentence represents a significant upward departure to account for the nature and circumstances of the violation, the resolution of pending state charges, and a new offense that involves an attempt to use violence to obstruct the Court from proceeding on violations of his supervised release. Any criminal history monetary penalties previously

ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 36 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-95, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Beaumont Medium and place him in alcohol and drug treatment.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 36 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-cr-95, with no further term of supervised release.

So ORDERED and SIGNED this 28th day of May, 2025.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE